O’Connell, J.
(concurring in part and dissenting in part). I generally concur with the majority’s analysis of this case, but I would limit the scope of today’s decision to the recording of cordless telephone conversations. Although I agree that the use of a scanner to record private cordless telephone conversations violates the statute in question, I feel that the question whether merely listening to these conversations as they are monitored by a scanner is also a violation of the statute is better left for another day. [1]
*127 At issue is whether using a device to record private cordless telephone conversations is a violation of Michigan’s eavesdropping statute. MCL 750.539a(2); MSA 28.807(1)(2) defines “eavesdropping” as “to overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse.” As the majority opinion notes, Pavlik, allegedly acting with the encouragement of defendant and for his benefit, used his police scanner to intercept and record calls from Joanne Stone’s cordless telephone. Defendant’s argument that these conversations were not intended to be private is without merit.[2] That they were broadcast over a cordless telephone does not change the nature of the communications.[3]
I concur with the majority’s conclusion that the conversations in question were private discourse as defined by the statute.[4] To the extent that the trial court concluded that the recording of cordless tele *128 phone conversations through use of a scanner was not a violation of the statute, I disagree, and in this regard concur with the reasoning and analysis of the majority opinion. I would vacate the order of the trial court and remand this case for a trial. I would direct the trial court to limit the inquiry on remand to illegal recording of the cordless telephone conversations.[5]

 My reluctance to join in the majority opinion stems in part from my uncertainty concerning precisely when in the course of Pavlik’s conduct he began “eavesdropping” for purposes of the statute. Was it at the moment that he turned his scanner on, the moment a voice came over the system and the system began to record, or at the moment when Pavlik actually listened to the recording? MCL 750.539c; MSA 28.807(3) concerns “wilfully” using a device to eavesdrop, indicating that the inadvertent interception of private conversations may be beyond the scope of the statute.

 The police found approximately fifteen cassette tapes at the homes of defendant and Pavlik that included private conversations between Joanne Stone and her friends, family, and attorney. This abundance of recorded material demonstrates the persistent and intentional nature of the eavesdropping and the egregious nature of the intrusions.

 The central issue addressed in the briefs concerns the term “private discourse.” It is beyond question that Joanne Stone’s conversations with her doctor or her attorney constitute private discourse within the meaning of the eavesdropping statute. The parties have neither briefed nor argued the constitutionality of the eavesdropping statute as it applies to individuals who use a scanner to listen to cordless telephone conversations. Thus, the question of the constitutionality of this statute as applied to listeners and recorders is not before this Court and therefore not appropriately addressed here.

 Today there exist numerous affordable devices of sufficient sophistication as to allow almost any conversation (private discourse) to be intercepted and recorded. The ease, method, or process by which a conversation can be intercepted should not affect this Court’s determination whether a conversation is private discourse.

 I express no opinion concerning whether merely listening to these conversations violates the statute.